UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
_____ DIVISION

| | |
|---|---|
| MICHAEL T. PRINCE )<br>*Plaintiff* )<br>    )<br>v. )<br>    )<br>UNITED STATES OF AMERICA )<br>*Defendant* ) | Case No. \_\_\_20-3040_____ |

## COMPLAINT FOR REFUND

The Plaintiff, Michael T. Prince, appears, by and through his attorneys, Dover Dixon Horne PLLC, and states the following:

1. This action arises under the internal revenue laws of the United States as a claim for a refund of interest assessed and collected by Defendant.

## PARTIES AND JURISDICTION

2. Plaintiff is a United States citizen who resides at in Gassville, Arkansas. Plaintiff's social security number is ■■■■■-4054 (redacted according to Fed. R. Civ. P. 5.2(a)(1)).

3. Defendant is the United States of America.

4. This action is timely brought pursuant to IRC § 6532(a)(1); 26 U.S.C. § 7422(a); and 28 U.S.C. § 2401.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(1) and 28 U.S.C. § 1331. The Plaintiff is not a person described in 26 U.S.C. § 7430(c)(4)(A)(ii) and, therefore, the United States Tax Court does not have jurisdiction pursuant to 26 U.S.C. § 6404(h) and 28 U.S.C. § 2412(d)(2)(B).

## FACTS GIVING RISE TO THE COMPLAINT

6. In 2002 and 2003, Plaintiff filed his Form 1040 tax return with the Bureau of Internal Revenue of the Virgin Islands ("BIR").

7. Plaintiff was notified in May 2005 that the 2002 and 2003 tax returns were being examined by the United States Internal Revenue Service ("IRS"). The basis of the examination was to determine if the taxpayer should have to file his tax returns with the IRS instead of the BIR.

8. Plaintiff and his representatives cooperated in giving the examining agent all information available to Plaintiff showing that he was a bona fide resident of the Virgin Islands in 2002 and 2003 and properly filed his tax returns with the BIR.

9. The examining agent had all the information necessary by at least April 2006 to make a determination of whether Plaintiff was a resident of the United States or the Virgin Islands in 2002 and 2003.

10. After years of little or no contact from the examining agent, the IRS finally issued a 30-day letter in April 2010, claiming that Plaintiff was liable for $1,100,027.98 in taxes and penalties for 2002 and $711,475.83 in taxes and penalties for 2003.

11. Plaintiff appealed the proposed assessment to the IRS Appeals division. The case was not settled in appeals and a 90-day letter was issued in May 2013.

12. Plaintiff filed a petition in the U.S. Tax Court in August 2013.

13. The Tax Court case was settled in mid-2015, whereby the taxpayer paid $66,661.00 in taxes for calendar year 2002 and $62,001.18 in taxes and penalties for calendar year 2003. The taxpayer was further assessed and paid interest in the sum of $44,697.22 for calendar year 2002 and the sum of $42,364.81 for calendar year 2003.

14. In December 2015, Plaintiff filed a Claim for Refund and requested a refund of the sum of $42,618.41 in interest ($21,508.08 for 2002 and $21,110.33 for 2003) for the period beginning April 1, 2006 and ending June 30, 2010, due to the unreasonable delay by the examining agent in conducting the audit and issuing the 30-day letter. The Claim for Refund and its attachments are enclosed as Exhibit 1.

15. The IRS contacted Plaintiff in writing and denied his refund claim within the last two years.

## CAUSE OF ACTION AND REQUESTED RELIEF

16. Plaintiff is entitled to a refund of interest due to the unreasonable delays by the IRS in processing Plaintiff's tax obligations for 2002 and 2003.

17. No significant aspect of the delay can be attributed to Plaintiff, because he fully and timely cooperated with the IRS agent to provide the necessary documents showing he properly filed his taxes with the BIR instead of with the IRS.

18. The IRS abused its discretion by exercising it arbitrarily, capriciously, or without sound basis in fact or law when it refused to refund the interest for the period beginning April 1, 2006 and ending June 30, 2010.

19. Plaintiff, therefore, seeks a refund of the amounts in interest he has paid pursuant to his rights under 26 U.S.C. § 7422.

20. Plaintiff is entitled to recover his overpayment of interest in the amount of $42,618.41 ($21,508.08 for 2002 and $21,110.33 for 2003), as provided by IRC § 6402(a).

21. Plaintiff reserves the right to amend this Complaint and plead further.

**WHEREFORE**, Plaintiff prays for the following relief from this Court: judgment against Defendant in the sum of $42,618.41, plus interest thereon as provided by law; and all other just and proper relief, including attorney fees and costs.

Respectfully Submitted,

_____
John B. Peace (77102)
Adrienne M. Griffis (12285)
Dover Dixon Horne PLLC
*Attorneys for the Plaintiff*
425 West Capitol Avenue, Suite 3700
Little Rock, Arkansas 72201
501.375.9151
jpeace@ddh.law
agriffis@ddh.law